IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY A. THOMAS, | : | CIVIL ACTION NO. **3:CV-05-2689** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN HOGSTEN | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

The Plaintiff, Leroy A. Thomas, an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), Pennsylvania, filed, *pro se,* this action pursuant to the Federal Tort Claims Act ("FTCA") action, 28 U.S.C. § 1346 and § 2680, on December 30, 2005. Plaintiff names as Defendant, with respect to his FTCA action, Warden Hogsten, an individual employed by the Federal Bureau of Prisons ("BOP") at FCI-Allenwood. (Doc. 1, pp. 1-2). Plaintiff claims that Defendant Hogsten was negligent and failed to provide reasonable medical care for his left ankle injury he suffered at the prison on January 18, 2005 while playing basketball.[1] In an FTCA action, Plaintiff is permitted to only name the United States of America as the Defendant. Thus, Plaintiff improperly attempts to name the prison warden as the Defendant in this FTCA action. As stated, the United States of America is the only proper Defendant in an FTCA suit, and the United States has waived sovereign immunity for an FTCA action.

---

[1] In his Complaint, Plaintiff does not indicate if he exhausted his administrative remedies by filing a tort claim with the BOP (SF-95) as required. *See* 28 U.S.C. § 2401(b). However, exhaustion is an affirmative defense which Defendant must raise.

As relief, Plaintiff requests $95,000 in damages from Defendant Hogsten. (*Id.*, p.5). We find that Plaintiff's stated relief request as against Defendant Hogsten should be stricken from the Complaint, since Plaintiff is seeking unliquidated damages under Local Rule 8.1, M.D. Pa.  Plaintiff should have requested money damages generally.

Since the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Prison Litigation Reform Act of 1995 (the "PLRA")[2] obligates the Court to engage in a screening process.[3]  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the complaint under 28 U.S.C. §1915(e)(2)(B), we find that the Plaintiff is unable to maintain his FTCA action against Defendant Hogsten.  We find that the only proper Defendant in this action is the United States.   We also find that Plaintiff's relief request for a specific amount of damages should be stricken.

---

[2] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[3] The Plaintiff completed two applications to proceed *in forma pauperis* and an authorization to have funds deducted from his prison account.  The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 8, 5 & 6).

## II. Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

## III. FTCA.

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. §2675 (a). Plaintiff here is seeking damages for personal injury against the United States for negligently treating his left ankle injury incurred during his incarceration in federal prison. With respect to Plaintiff's FTCA claim, the only proper party Defendant is the United States, and not the individually named Defendant employee of the BOP. *See* 28 U.S.C. §2679 (b) and (d)(1). Thus, no individual employee of the BOP can be included in Plaintiff's FTCA action, and only the United States can be named as Defendant.[4]

---

[4] Since Warden Hogsten is a not a proper party Defendant in this FTCA action, he should be dismissed and the United States should be substituted as the Defendant.

Plaintiff must file his FTCA action within six (6) months after the agency, here BOP, issued its final denial of his administrative claim (Form SF-95). *See* 28 U.S.C. § 2401(b); *Williams v. U.S.*, 1995 WL 739497, E.D. Pa. As mentioned, Plaintiff does not state in his pleading if exhaustion has occurred. (Doc. 1).

Therefore, Plaintiff must file his FTCA action solely against the United States.

## V. Recommendation.

Based on the foregoing, it is respectfully recommended that Defendant Hogsten be dismissed and that the United States be substituted as the proper party Defendant in Plaintiff's FTCA action. It is further recommended that Plaintiff's relief request for $95,000 damages be stricken from the Complaint. It is also recommended that this matter be remanded to the undersigned for further proceedings, including service of the Complaint on the United States.

                          **s/ Thomas M. Blewitt**
                          **THOMAS M. BLEWITT**
                          **United States Magistrate Judge**

**Dated: February 2, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY A. THOMAS, | : | CIVIL ACTION NO. **3:CV-05-2689** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN HOGSTEN | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 2, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                      **s/ Thomas M. Blewitt**
                                                      **THOMAS M. BLEWITT**
                                                      **United States Magistrate Judge**

**Dated: February 2, 2006**