IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY A. THOMAS, | : | CIVIL ACTION NO. **3:CV-05-2689** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

**I. Background**.

On December 30, 2005, Plaintiff, Leroy A. Thomas, formerly an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), Pennsylvania, filed, *pro se,* this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2680.[1]   Plaintiff incorrectly named as Defendant, with respect to his FTCA action, Warden Hogsten, an individual employed by the Federal Bureau of Prisons ("BOP") at FCI-Allenwood. (Doc. 1, pp. 1-2).  Plaintiff claimed that Defendant Hogsten was negligent and failed to provide reasonable medical care for his left ankle injury he suffered at the prison on January 18, 2005, while playing basketball.[2]  The

---

[1]Plaintiff advised the Court on July 27, 2007, that he no longer resided in Pennsylvania, and his return address was in Baltimore, Maryland, Doc. 53.  Plaintiff does not indicate if he is still incarcerated or if he remains in BOP custody.  We note that venue of this FTCA action is proper since Plaintiff was an inmate at FCI-Allenwood when his tort claim arose, and his action accrued there.

[2]In his Complaint, Plaintiff did not indicate if he exhausted his FTCA administrative remedies by filing a tort claim with the BOP (SF-95) as required.  *See* 28 U.S.C. § 2401(b). However, as we previously noted, exhaustion is an affirmative defense which Defendant must raise.

United States of America is the only proper Defendant in an FTCA suit, and the United States has waived sovereign immunity for an FTCA action.

As relief, Plaintiff requested $95,000 in damages from Defendant Hogsten. (*Id.*, p.5). The District Court found that Plaintiff's stated relief request should be stricken from the Complaint under Local Rule 8.1, M.D. Pa., since Plaintiff was seeking unliquidated damages and he should have requested money damages generally.

Since the Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Prison Litigation Reform Act of 1995 (the "PLRA")[3] obligated the Court to engage in a screening process.

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we issued an Report and Recommendation on February 2, 2006, and recommended that Defendant Hogsten be dismissed since Plaintiff was unable to maintain his FTCA action against her, and we recommended that the United States be substituted as the only proper Defendant. (Doc. 9). On February 16, 2006, Plaintiff filed an Amended FTCA Complaint against the United States Bureau of Prisons ("BOP"), Doc. 11.[4] On February 22, 2006, the District Court adopted our Report and Recommendation, and substituted the United States as Defendant for the BOP and Warden Hogsten. (Doc. 12). Plaintiff was granted leave to proceed *in forma pauperis*, and his Amended Complaint was served on Defendant United States. (Doc. 13).

---

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[4]Plaintiff's Amended Complaint did not assert an Eighth Amendment claim for denial of proper medical care under 28 U.S.C. § 1331 against any staff members at FCI-Allenwood.

2

On June 26, 2006, Defendant United States filed its Answer to Plaintiff's Amended Complaint. (Doc. 23). Discovery was then completed, including the deposition of Plaintiff. Defendant United States filed a Motion for Leave to file a *nunc pro tunc* Summary Judgment Motion on January 25, 2007, along with a proposed Summary Judgment Motion, and Defendant's Motion was granted. (Docs. 34-37). The United States filed its Brief in support of its Summary Judgment Motion, its Statement of Material Facts ("SMF"), ¶'s 1.-73., and Exhibits (Exs. A, A-1, A-2) on February 7, 2007 and February 8, 2007. (Docs. 39-41). After being granted an extension of time, Plaintiff filed his Brief in opposition to Defendant's Summary Judgment Motion and his Affidavit on May 2, 2007. (Docs 49 and 50).[5] Plaintiff did not respond paragraph by paragraph to Defendant's SMF as required by Local Rule 56.1, M.D. Pa. Further, the only evidence Plaintiff submitted was his Affidavit. (Doc. 50).

Thus, Defendant's Summary Judgment Motion is ripe for disposition.[6]

## II. Motion for Summary Judgment Standard.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show

---

[5]Plaintiff incorrectly styled his opposition Brief, Doc. 49, as his Traverse. Also, the Clerk of Court incorrectly docketed a copy of Plaintiff's opposition Brief with a copy of his Affidavit attached as Plaintiff's Reply Brief (Doc. 52). However, Doc. 52 is simply a copy of Plaintiff's Docs. 49 and 50. Thus, we shall direct the Clerk of Court to remove Doc. 52 from the docket, since it is duplicative of Docs. 49 and 50.

[6]The undersigned has been assigned this case for pre-trial mattes pursuant to 28 U.S.C. § 636(b)(1)(A).

that there is no genuine issue as to any material fact.  Fed.R.Civ.P. 56(c).  An issue of fact is "`genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party."  *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant.  *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983).  Upon such a showing, the burden shifts to the nonmoving party.  *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party.  *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988).  In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor.  *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Moreover, the Third Circuit has recently indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

Thus, insofar as Plaintiff, in his Affidavit (Doc. 50, ¶ 2.), attempts to adopt all of the facts and arguments he has previously set forth in his original Complaint (Doc. 1) and in his Amended Complaint (Doc. 11) and he attempts to rely upon them to oppose Defendant's Summary Judgment Motion and its evidence, Plaintiff must demonstrate that the evidence creates a genuine issue of material fact with respect to his tort claim against the government for medical malpractice, and he cannot simply point to the allegations he made in his pleadings.  *See Goode v. Nash*, 2007 WL 2068365.

Further, in his Affidavit, Plaintiff incorrectly repeatedly avers that the United States violated the Eighth Amendment and the Fourteenth Amendment Equal Protection Clause by acting with deliberate indifference to his proper medical care required for his left ankle injury he suffered while playing basketball at FCI-Allenwood, and that the United States' "policy of 'deliberate indifference' was predicated upon racial considerations". .. in violation of the Fourteenth Amendment.  (Doc. 50, ¶'s 3., 6., 9. and 11.).  This case is only an FTCA action against the United States and is not a joint civil rights action under 28 U.S.C. § 1331.  Thus, Plaintiff's references to the Eighth Amendment and its deliberate indifference standard and to the Fourteenth Amendment are

improper in this case.  In his Amended Complaint labeled "Federal Tort Claim"and filed pursuant

to the FTCA, Plaintiff  clearly averred that after his basketball injury to his left ankle on January 18,

2005, he did not receive proper medical care and that "the failure to use such care as a reasonably

prudent and careful person would use under similar circumstances caused a serious infection, a

blood clot in his left leg, pain and humiliation."  (Doc. 11, p. 1).  Plaintiff's amended pleading on

which he is currently proceeding did not contain any constitutional claims against individual

employees of the BOP.  Plaintiff did not assert any *Bivens*-type action in conjunction with this FTCA

claim.  The sole jurisdictional basis for this action, as stated in Plaintiff's amended pleading, is the

"Federal Tort Claim action under 28 U.S.C. §§ 2671 *et seq."*  (Doc. 11, p. 1, ¶ 1.).  Defendant was

not on notice of any dual claims in this case, *i.e.* under the FTCA and *Bivens*[7], and thus, Plaintiff

cannot now, at this late stage of the case, add any constitutional claims to his FTCA action.   In any

event, Plaintiff did not file a motion for leave to file a second amended complaint to add any

constitutional claims under § 1331 in this case.[8]

---

[7]Recently, the Third Circuit in *Banks v. Roberts*, C.A. No. 07-2793, slip op. p. 2, n. 1, 2007 WL 3096585, * 1, n. 1 (3d Cir. 10-19-07) (Non-Precedential) noted that "A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials.  This constitutional tort theory was set out in *Bivens* . . . "
        The Banks Court also noted that "[t]he District Court correctly construed Banks' negligence claim under the FTCA, noting that it could not consider his negligence claim under *Bivens*, because negligence is not the basis of a constitutional claim.  *See Bivens*, 403 U.S. at 392 (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's *constitutional* rights)."  2007 WL 3096585, * 2, n. 4.(emphasis original).

[8]We also note that, in addition to unfair prejudice to Defendant  regarding consideration of a new *Bivens* action, Plaintiff would have had to satisfy the PLRA's exhaustion requirement with respect to any Constitutional claims he may have by exhausting his Administrative remedies with the BOP before he filed any action in federal court.  *See Banks*, 2007 WL

### III.  FTCA.

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment.  28 U.S.C. §2675 (a).  Plaintiff here is seeking damages for personal injury against the United States for negligently treating his left ankle injury incurred during his incarceration in federal prison.  As mentioned, with respect to Plaintiff's FTCA claim, the only proper party Defendant is the United States, and not individual employees of the BOP.  *See* 28 U.S.C. §2679 (b) and (d)(1).  Thus, as stated, no individual employee of the BOP could be included in Plaintiff's FTCA action, and only the United States could be named as Defendant.[9]

Plaintiff must file his FTCA action within six (6) months after the agency, here BOP, issued its final denial of his administrative tort claim (Form SF-95).  *See* 28 U.S.C. § 2401(b); *Williams v. U.S.*, 1995 WL 739497, E.D. Pa.  As mentioned, Plaintiff did  not  state in his original pleading if exhaustion has occurred.  (Doc. 1).  However, in his Amended Complaint, Plaintiff alleged that he

---

3096585, * 1.   Moreover, the applicable two-year statute of limitations may have expired with respect to any Constitutional claims regarding Plaintiff's January 18, 2005 knee injury.  We note that any PLRA exhaustion defense and SOL defense are affirmative defenses that Defendant must raise.

Thus, we shall not consider any averment or argument of Plaintiff that Defendant acted in deliberate indifference  to his serious medical condition and that Defendant had a policy of deliberate indifference based on racial considerations.

[9] Since Warden Hogsten and the BOP were  not  proper party Defendants in this FTCA action, as stated, they were dismissed and the United States was substituted as the Defendant. Doc. 12.

filed his tort claim to the proper federal agency and that his claim was denied on October 27, 2005.

(Doc. 11, p. 2).

Recently, the *Banks* Court stated:

> The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment" under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA contains a jurisdictional bar that requires a plaintiff to file his or her claim with the appropriate federal agency and receive a final denial by that agency before filing a complaint in federal court. *See* 28 U.S.C. § 2675(a).

2007 WL 3096585, * 2.

## IV. Statement of Material Facts.

As stated, Defendant properly filed its Rule 56.1 SMF in support of its Summary Judgment Motion, and it has properly cited to evidence in the record with respect to each of its 73 paragraphs contained therein. (Doc. 40). We agree with Defendant in its Reply Brief (Doc. 51, pp. 4-5) that this Court should deem the facts stated in Defendant's SMF as admitted. Plaintiff has failed to file his response to Defendant's SMF, and he largely attempts to rely upon his pleadings in his two filings opposing Defendant' Summary Judgment Motion (Docs. 49 and 50). Further, Plaintiff has failed to offer any evidence, other than his Affidavit, in response to Defendant's evidence.

In the case of *Barthalow v. David H. Martin Excavating, Inc.*, 2007 WL 2207897, * 1, n. 5, (M.D. Pa. 2007), this Court noted:

> The Middle District of Pennsylvania's Local Rule of Court 56.1 provides that a summary judgment motion must include a separate concise statement of material facts. M.D. Pa. Local R. 56.1. The rule also requires that an opposition to a summary judgment motion must

similarly include a statement that "responds to the numbered paragraphs set forth in [the moving party's concise statement of material facts], as to which it is contended that there exists a genuine issue to be tried." *Id.* Moreover, "[a]ll material facts set forth in [the moving party's statement] will be deemed to be admitted unless controverted by the [opposing party's statement]. " *Id.* Only the first fourteen paragraphs set forth in Barthalow's opposing statement of facts (Doc. 27) correspond to those in DHM's (Doc. 22). Barthalow's paragraphs fifteen through twenty appear to set forth separate statements of fact and the Rule 56.1 statement as a whole does not provide clear responses to paragraphs fifteen through forty of DHM's statement. Accordingly, the court will deem the facts in paragraphs fifteen through forty of DHM's statement to be admitted.

*See also Dusenbery v. U.S.*, 2006 WL 218220, * 1 (M.D.Pa.2006) ("it appearing that defendants' statement of material facts was properly deemed admitted by plaintiff *see* L.R. 56.1 providing that the moving party's statement of material facts will be deemed admitted unless the non-moving party specifically contradicts the statement").

We agree with Defendant (Doc. 51, p. 6) and find that Plaintiff Thomas, by failing to file a response to Defendant's SMF, and by failing to properly respond, paragraph by paragraph, to any of Defendant's SMF as required by Local Rule 56.1 of M.D. Pa. (Doc. 40), should be deemed as admitting all 73 paragraphs of Defendant 's SMF.[10]   Although Plaintiff submitted his own Affidavit (Doc. 50, ¶'s 1.-11.) on May 2, 2007, he did not respond to any of Defendant's SMF filed in support of its Summary Judgment Motion, and his Affidavit does not properly respond to any of the Defendant's SMF (Doc. 40, ¶'s 1.-73.) as he was required to do by Rule 56.1.   We also agree with Defendant (Doc. 51, p. 6) that, through its undisputed evidence referenced in its SMF, it has shown

---

[10]Plaintiff Thomas has been sent a copy of the pertinent Local Rules of this Court (M.D. Pa.). *See* Doc. 3.

that Plaintiff has not established the required elements of his medical negligence claim, *i.e.* the BOP

breached a duty owed to him to provide him with proper medical care for his January 18, 2005 left

ankle injury, and the alleged conduct of the BOP medical staff at FCI-Allenwood, and "the failure

to use such care as a reasonably prudent and careful person would use," proximately caused

Plaintiff's alleged injuries of "a serious infection, a blood clot in his left leg, pain." (Doc. 11, p. 1).

Since the SMF of Defendant (Doc. 40, ¶'s 1.-73.) are supported by evidence, and since

Plaintiff has not properly responded to them, we shall accept all of Defendant's SMF as undisputed.

We shall incorporate them herein by reference and shall not repeat them herein.   (Doc.

40).[11]Further, since Defendant has supported its SMF ¶'s 1. - 73. (Doc. 40) by citation to the

evidence (Doc. 41, Exs. A, A-1 and A-2), and since Plaintiff has not properly disputed these

paragraphs (Docs. 49 and 50) by pointing to evidence which controverts the stated paragraphs of

Defendant's SMF, we shall adopt Defendant's ¶'s 1. - 73. of its SMF as our own.   *See U.S. ex rel.*

*Paranich v. Sorgnard*, 396 F. 3d 326, 330, n. 5 (3d Cir. 2005) (Under M.D. Pa. L.R. 56.1, the Third

Circuit noted that the District Court adopted all the facts of one party that were not clearly disputed

by the other party with sufficient citation to the record).[12]   Thus, we shall not repeat herein

Defendant's ¶'s 1.- 73. of its SMF, Doc. 40.   *See also Dusenbery v. U.S.*, 2006 WL 218220, * 1

---

[11]In our discussion below, we reference Defendant's SMF to support our finding that
Plaintiff has failed to establish the necessary elements of his medical negligence claim against the
United States.  As stated, all of Defendant's SMF are supported by Defendant 's undisputed
evidence, including Plaintiff's extensive medical records from FCI-Allenwood.  (Doc. 41, Ex. A-
1).

[12]*See also Paranich* District Court case at 286 F. Supp. 2d at 447, n. 3.

(M.D. Pa. 2006).

**IV. Discussion.**

Defendant argues that its Summary Judgment Motion should be granted since Plaintiff has

failed to establish his tort claim for medical negligence regarding the treatment provided by FCI-

Allenwood medical staff after Plaintiff's basketball injury to his left ankle, since he has failed to

provide the required testimony of a medical expert regarding his claim, and since his claim is barred

under the theories of assumption of risk and contributory negligence.[13]

---

[13]In his Affidavit, Plaintiff notes that since this Court denied "all of Plaintiff's pleadings," including his Motion for Appointment of Counsel, his appointed counsel could have conducted discovery for him and could have obtained the testimony of the hospital doctors who treated him. Doc. 50, p. 1, n. 1. In this Court's April 17, 2007 Order denying Plaintiff's Motion for Reconsideration (Doc. 47) of the Order denying his Motion for Appointment of Counsel, Plaintiff also raised his argument that he needed counsel to conduct discovery for him in this case. This Court found no merit to that argument. This Court stated as follows in its April 17, 2007 Order (Doc. 48):

> Plaintiff also states that, since the Defendant United States has moved for summary judgment in his case, based on his failure to provide an expert witness, he is entitled to appointment of counsel. (*Id.*, p. 6). Plaintiff states that in his Motion for Counsel, he indicated that counsel could obtain depositions, affidavits, and records from the Community Hospital staff who treated him and that the doctors may qualify as expert witnesses. (*Id.* [Doc. 47]).   Plaintiff was free to conduct whatever discovery he wanted in this case.  Plaintiff was capable of deposing medical staff who treated him and sending them written discovery.  He could have obtained his medical records himself without the assistance of counsel.  Plaintiff does not indicate if he did, in fact, conduct discovery.  We fail to see how Plaintiff required counsel to conduct discovery in this case, since we find that Plaintiff was capable of performing it himself.  Again, we do not find that the issues in this case are complex.  As stated, Plaintiff's present Motion shows that he has the ability to present his tort claim case.  Plaintiff is also free to attempt to have his own counsel represent him on a contingency basis, of a percentage allowed under

In its present Summary Judgment Motion and Brief, Defendant raises the affirmative defense of assumption of risk with respect to Plaintiff's alleged injuries. Plaintiff is claiming that he did not receive proper medical care after his January 18, 2005 basketball injury to his left ankle by the FCI-Allenwood medical staff, and is not claiming that prison staff negligently caused his ankle injury in the first place. Thus, Plaintiff may have assumed the risk that he would be hurt if he played basketball on the prison grounds on January 18, 2005, and Plaintiff may have contributed to his left ankle injury he suffered that day, for example by playing recklessly or without proper athletic shoes. However, Defendant argues that Plaintiff can also be found to have assumed the risk regarding the ensuing medical care for his stated injury, which he claims was negligent, since Plaintiff knowingly and intelligently assumed the risk of the surgery he chose to have for his fractured left ankle by Sun Orthopedics. (Doc. 39, p. 19).

Additionally, Defendant has asserted the defense of contributory negligence, and its evidence seems to show that Plaintiff could be found to have contributed to the alleged lack of proper medical care after his injury since the evidence shows that Plaintiff failed to follow the orders of the medical staff (Doc. 39, pp. 19-20), e.g. after being instructed by medical staff to wear a splint on his posterior area and not bear weight on his left foot, Plaintiff admitted that he did not wear the splint and that he did not refrain from putting weight on his left foot. (Doc. 40, ¶'s 4.-9. and Doc. 41, Ex. A, ¶ 7. and Ex. A-1, pp. 2-3). Also, the evidence shows that Plaintiff was not compliant with other orders of the prison medical staff, such as reporting for scheduled medical appointments to

the FTCA, even if he cannot afford to pay a retainer.

check on his post-operative condition.  (Doc. 40, ¶ 30.).

In any event, as stated above, we agree with Defendant that its undisputed evidence referenced in its SMF, shows that Plaintiff has failed to establish the required elements of his medical negligence claim, *i.e.* the BOP breached a duty owed to him to provide him with proper medical care for his January 18, 2005 left ankle injury, and the alleged conduct of the BOP medical staff at FCI-Allenwood and "the failure to use such care as a reasonably prudent and careful person would use," proximately caused Plaintiff 's alleged injuries of "a serious infection, a blood clot in his left leg, pain." (Doc. 11, p. 1).  The Court in *Wooding v. U.S.* noted, "Wooding's claim is actually brought under the Federal Tort Claims Act (FTCA)". The FTCA constitutes a waiver of sovereign immunity in certain situations. The substantive state law where the tortious conduct occurs governs a FTCA claim. *See Sosa v. Alvarez-Machain,* 542 U.S. 692, 700 (2000). Because the operation occurred in Pennsylvania, Pennsylvania law applies."  2007 WL 951494, * 3, n. 6 (W.D. Pa.).[14] Thus, Pennsylvania law applies in the instant case since Plaintiff Thomas' injury and surgery to repair his left ankle fracture occurred in Pennsylvania.

The Court in *Wooding v. U.S.*, 2007 WL 951494, * 3 (W.D.Pa. 2007), stated:

> To prevail on this medical malpractice claim [under the FTCA], Wooding must establish: (1) a duty owed by the physician; (2) a breach of that duty; (3) that the breach proximately caused the harm; and (4) that the damages directly result from the harm. *Quinby v. Plumstead Family Practice, Inc.,* 589 Pa. 183, 907 A.2d 1061, 1070 (2006), *quoting, Hightower-Warren v. Silk,* 548 Pa. 459, 698 A.2d 52, 54 (1997). In addition, "as a general rule, a plaintiff has the burden of presenting expert opinions that the alleged act or omission of

---

[14]Defendant also correctly recognizes that Pennsylvania law applies in this FTCA action. Doc. 39, p. 13.

the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought." *Simpson v. Federal Bureau of Prisons,* Civ. No. 2-2313, 2005 WL 2387631 at * 5 (Sept. 28, 2005), *citing, Grossman v. Barke,* 868 A.2d 561, 566-67 (Pa.Super.2005). "Expert testimony, however, is not required when a matter 'is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons.' " *Simpson,* 2005 WL 2387631 at * 5, *quoting, Hightower-Warren v. Silk,* 548 Pa. 459, 698 A.2d 52, 54 n. 1 (Pa.1997).

The Pennsylvania Supreme Court's cautionary language in *Toogood v. Rogal,* 573 Pa. 245, 824 A.2 1140, 1149 (2003), confirms the narrowness of the exception to the requirement of expert testimony:

> Courts sitting in medical malpractice cases require detailed expert testimony because a jury of laypersons generally lacks the knowledge to determine the factual issues of medical causation; the degree of skill, knowledge, and experience required of the physician; and the breach of the medical standard of care. In contrast, plaintiffs in res ipsa loquitur cases rely on the jury to fill in the missing pieces of causation and negligence, inherent in their cases, with the jury's common experience. Determining whether there was a breach of duty, however, involves a two-step process: the court must first determine the standard of care; it then must examine whether the defendant's conduct measured up to that standard. Not only does the plaintiff have the burden of proving that the defendant did not possess and employ the required skill and knowledge, or did not exercise the care and judgment of a reasonable professional, he or she must also prove that the injury was caused by the failure to employ that requisite skill and knowledge. We have previously concluded that this must be accomplished with expert medical testimony presented at trial by doctors testifying as expert witnesses.[15]

---

[15]Defendant also correctly recognizes the elements of a medical malpractice claim under Pennsylvania law.  Doc. 39, p. 13.

Defendant 's undisputed evidence shows that Plaintiff received quite extensive care for his left ankle injury, including an immediate evaluation on January 18, 2005 by the prison medical staff and diagnostic tests (X-rays.  Plaintiff was then taken to the emergency room of a private hospital and treated by an ER doctor and referred to an orthopedic specialty group, namely Sun Orthopedics Group, Inc.  (Doc. 40, ¶'s 1.-4.).  A splint was placed on Plaintiff's posterior area and he was given specific instructions which, as stated above, he did not fully follow.

On January 21, 2005, Plaintiff was seen by the prison's EMT and Clinical Director, and a splint was re-applied and Plaintiff was advised to follow the instructions previously given to him since he had not been doing so.  (*Id*., ¶'s 8.-10.).  On January 24, 2005, Plaintiff was evaluated by an outside expert orthopedic group, Sun Orthopedics, and it found that Plaintiff had suffered a fracture in the January 18, 2005 incident.  Plaintiff was advised by the orthopedic specialist of his treatment options, including casting and surgery, as well as the attendant risks of surgery.  Plaintiff was specifically advised of the risks of surgery and that he possibly could be no better or worse after the surgery.  Plaintiff was told by the surgeon that he would not be perfect after the surgery, but that he would hopefully be better than he was.  (*Id*., ¶'s 11.-14.).

Plaintiff voluntarily and knowingly, aware of all risks, chose to have surgery on his ankle.  On January 25, 2005, surgery was performed on Plaintiff's injured left ankle by a surgeon from Sun Orthopedic.  After the surgery, from early February 2005 through February 23, 2005, Plaintiff was seen and treated by the prison's  medical staff, and he was examined by Sun Orthopedic.  (*Id*., ¶'s 16.-24.).  A follow-up appointment with Sun Orthopedics was scheduled, and he had it on April 8, 2005.  Plaintiff was continued on convalescence status at the prison from March through April

15

2005.  On March 10, 2005, Plaintiff was examined by the prison medical staff for wound care.  (*Id.*, ¶'s 25.-29.).

Plaintiff did not report to the prison's medical department for his March 23 and March 24, 2005 appointments.  (*Id.*, ¶'s 30.-31.).[16]   Plaintiff was examined by the prison's Clinical Director on March 29, 2005, and stated that he had an infection in his leg which occurred three weeks before the exam.   The Director noted that Plaintiff's wounds were infected, and Plaintiff was advised to follow medical instructions and of the consequences of not notifying the prison medical staff timely regarding his leg infection.   (*Id.*, ¶'s 32.-34.).  Plaintiff was treated for the infection and had follow-up appointments, and an X-ray was taken on April 1, 2005 to check on his leg.  (*Id.*, ¶'s 35.-39.).  Plaintiff then received evaluations by the prison medical staff from April 2 through April 7, 2005.   The prison staff contacted Sun Orthopedics regarding Plaintiff's increased swelling.  Plaintiff was examined by Sun Orthopedic on April 8, 2005, and the surgical hardware placed in his leg during his initial surgery was successfully surgically removed.  (*Id.*, ¶'s 40.-44.).

Plaintiff again received extensive follow-up care by the prison medical staff after the second surgery to have the hardware removed from his leg during April 2005.  A follow up appointment with Sun Orthopedics was scheduled, and he had it on April 20, 2005. (*Id.*, ¶'s 45.-52.).

From April 22, 2005 through June 16, 2005, Plaintiff again received extensive follow-up care by the prison medical staff.   (*Id.*, ¶'s 54.-58.).  In August 2005, one of Plaintiff's prescriptions was

---

[16]As stated above, Plaintiff's failure to follow orders with respect to his post-surgery medical care is certainly evidence which a factfinder could consider in support of Defendant's affirmative defense that Plaintiff was contributorily negligent for any alleged negligent conduct by prison staff that Plaintiff claims caused his injuries.

refilled upon his request.  As of August 11, 2005, Plaintiff did not make any further complaints about his left ankle.  (*Id*., ¶'s 60.-61. and Doc. 41, Ex. A, ¶ 35.).

We find that all of the above undisputed SMF of Defendant, essentially Doc. 40, ¶'s 1.-60., are supported by the Declaration of PA Powanda, Doc. 41, Ex. A.  We also find that Plaintiff has not offered any evidence to dispute this evidence of Defendant, nor has Plaintiff pointed to any evidence to create any material issues of fact as to the adequacy of his medical care for his ankle injury.  As stated above, Plaintiff's mere reliance upon his pleadings and his averments contained therein, Docs. 1 and 11 (*See* Doc. 50, ¶ 2. and Doc. 49, p. 1), is insufficient to respond to Defendant's Summary Judgment Motion and to dispute Defendant's evidence.  Plaintiff simply cannot dispute Defendant's evidence by relying upon his "overall pleadings" to show that there are genuine issues of material fact as to the adequacy of the medical care he received from FCI-Allenwood after his January 18, 2005 ankle injury.[17]

Defendant does not dispute that the BOP owed a duty to Plaintiff with respect to his January 18, 2005 left ankle injury he sustained while an inmate playing basketball at FCI-Allenwood.  (Doc. 39, p. 14).  However, Defendant argues that the BOP did not breach its duty owed to Plaintiff regarding his medical care after his ankle injury. (*Id*.).   We agree with Defendant.  Defendant's

---

[17]To the extent that Plaintiff cites to the Eighth Amendment standard regarding a Constitutional claim for improper medical care in his Brief, Doc. 49, p. 2, as noted above, we shall not consider this argument since there is no such *Bivens* claim in this case.

Even if Plaintiff did have a pending *Bivens* Eighth Amendment claim against prison staff, and he clearly does not, his undisputed medical records show that prison staff were not deliberately indifferent to his serious left ankle condition.

undisputed evidence, which largely consists of Plaintiff's extensive medical records from FCI-Allenwood regarding his care after his January 18, 2005 ankle injury, as discussed above, demonstrates that Plaintiff has failed to establish his medical negligence claim since he has not offered any evidence that the BOP breached its duty owed to him. We also agree with Defendant (Doc. 39, p. 15, n. 6) that the testimony of a medical expert is not required in this case to find that the BOP met its duty owed to Plaintiff since there is absolutely no evidence submitted by Plaintiff that shows that the FCI-Allenwood medical staff did not exercise the care and judgment of a reasonable professional, *i.e.* there is not a shred of evidence offered by Plaintiff that the conduct of the FCI-Allenwood medical staff failed to meet the applicable medical standard of care in the community.

The Court in *Wooding* stated, "Under Pennsylvania law, a plaintiff must have expert testimony in all but the most simple cases on the issue of causation-that the negligence caused the injuries. *See Simpson,* Civ. No. 2-2313, 2005 WL 2387631 at *5 (Sept. 28, 2005), *citing, Grossman v. Barke,* 868 A.2d 561, 566-67 (Pa.Super.2005)." In our case, there is simply no evidence presented that the BOP breached its duty owed to Plaintiff regarding his medical care for his ankle.

Even if Plaintiff Thomas was required to present expert medical testimony which states that the conduct of the FCI-Allenwood medical staff failed to meet the applicable medical standard of care in the community and that this negligent conduct caused his injuries for which he seeks recovery in this case, Plaintiff has presented no expert opinion, report or testimony in this case. Further, we do not find that Plaintiff's pleadings (Docs. 1 and 11) and his reliance upon them excuse him from rendering the opinion of a medical expert in this case. Plaintiff's "overall

18

pleadings" filed in this case do not excuse the need for a medical expert if one is found to be required to show that there was a breach of duty by the FCI-Allenwood medical staff, and that the prison medical staff failed to meet the applicable medical standard of care in the community.[18]

Thus, even if it is found that Plaintiff required an expert medical witness in this case to show that the FCI-Allenwood medical staff deviated from the acceptable medical standard of care in the community, Defendant is still entitled to summary judgment regarding Plaintiff's negligence claim since Plaintiff has not produced any expert testimony establishing negligence.

Simply because Plaintiff suffered complications following the January 25, 2005 surgery to repair his fractured left ankle, which he voluntarily and intelligently chose to have after being informed of all of the risks associated with surgery, this does not show that the FCI-Allenwood medical staff failed to meet the applicable medical standard of care in the community.  As the *Wooding* Court stated,"surgery is not without risks.  The whole point of informed consent is to educate a patient of the potential risks that may arise from surgery."   2007 WL 951494, * 4. Moreover, Plaintiff's undisputed medical records from February 1, 2005 through August 11, 2005, the date of his last recorded complaint about his ankle (Doc. 40, ¶'s 17.-61.), simply do not show that the FCI-Allenwood medical staff deviated from the acceptable medical standard of care in the

---

[18] As noted, Plaintiff essentially concedes that he has no expert testimony to support his claim, and we find no merit to his attempt to blame this lack of expert evidence on the Order of this Court denying his Motion for Appointment of Counsel.  (Doc. 50, p. 1, n. 1).  This Court's April 17, 2007 Order (Doc. 48) denying Plaintiff's Reconsideration Motion regarding his Motion for Appointment of Counsel (Doc. 47) clearly explained to Plaintiff that he was still able to conduct his own discovery in this case and secure on his own medical testimony from the treating providers at the hospital where his surgery was performed.  Plaintiff has had ample time from the April 17, 2007 Order to try and secure medical expert testimony to support his negligence claim in this case, and he has failed to do so..

community.   Plaintiff has offered no evidence, expert or non-expert, to dispute Defendant's

evidence, and he has not met his burden of showing that the FCI-Allenwood medical staff breached

its duty of medical care owed to him.

Since we find that there is no genuine issue of material fact regarding the question of

whether the FCI-Allenwood medical staff breached the medical standard of care in the community

owed to Plaintiff for his ankle injury, we shall recommend that Defendant's Summary Judgment

Motion (Doc. 36) be granted.

**V.  Recommendation.**

Based on the foregoing, it is respectfully recommended that Defendant United States's

Summary Judgment Motion **(Doc. 36)** be granted, and that judgment be entered in favor of

Defendant United States and against Plaintiff in this FTCA action.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 12, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY A. THOMAS, | : | CIVIL ACTION NO. **3:CV-05-2689** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN HOGSTEN | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 12, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**


**Dated: March 12, 2008**